BOARDMAN, Judge.
Appellants, Max Lemus and Lucy Lemus, his wife, filed their Petition for Adoption of a minor child approximately four years of age. The appellant, Lucy Lemus, is the sister of one Joe Valdez, the natural father of the said child, who has consented to the adoption. Appellee, Linda Rose Chandler, is the natural mother of the said child and opposed the adoption of her child. The minor child was born out of wedlock when appellee was married to another man. Ap-pellee filed a pleading styled Response to Petition for Adoption and Petition for Writ of Habeas Corpus in which she prayed for the following relief:
“1. Return of the child to lawful custody of Petitioner. .
2. Enter its Order dismissing Petition for Adoption filed by Max and Lucy Lemus.
3. Grant Petitioner the reasonable expenses, disbursements and costs of this cause.”
The eminent trial judge considered the case on the issues made by the pleadings in the Habeas Corpus proceeding only. After proper hearing, the trial judge entered an order, the pertinent part of which directed that appellants return the child to the mother, appellee, at 12 o’clock noon on April 17, 1973. As a result we do not now have before us any question relating to the adoption proceeding and, according to the record, that phase of the case is still pending in the trial court. Appellants filed timely appeal.
We granted the appellants’ Petition for Constitutional Stay Writ filed in this Court, set supersedeas bond, advanced the cause, dispensed with oral argument and required the parties to file briefs within a short day. We considered such action appropriate in order that the issues as represented and understood by us could be expeditiously and judiciously determined.
At that time we were of the impression that the adoption proceeding had been decided by the trial court. Subsequently, a detailed review of the complete record and brief of appellants, counsel for appellee did not file a brief, disclosed that we were mistaken for we were unable to find wherein the trial court ruled upon appellee’s prayer to dismiss the Petition for Adoption filed by the appellants. The record shows that the trial court, after discussing the question of jurisdiction with counsel for the respective parties, concluded that it did not have *915 jurisdiction to hear the adoption proceeding' since the case was not assigned to the Juvenile Division and the trial court was not sitting as a judge in the Juvenile Division on the date of the scheduled hearing. In our judgment, the trial court did have jurisdiction to hear the adoption proceeding and he should have done so. See Section 63.021, 5 F.S.A. and Article V, Section 5(b) of the Florida Constitution, F.S.A. As we read the record and as we understand the applicable judicial interpretation, the issues to be resolved in the adoption proceeding and in the Habeas Corpus proceeding in the case sub judice are closely correlative to such extent and degree that we believe that substantial justice can only be speedily and orderly accorded the parties-litigant if both facets of the case are determined by the trial court simultaneously in one proceeding and not separately and individually and in two proceedings as would be the result of the trial court’s decision.
It is thought that no useful purpose would be served by recitation of the specific facts and circumstances disclosed in the record, at least at this stage of the case. Suffice to say there are the expected charges and countercharges, conflicts and discrepancies, disclosed in the testimony adduced at the hearing, all of which have been resolved by the trial court in the exercise of its sound judicial discretion. Appellants have failed to demonstrate that the trial court erred in directing appellants to return the child to the mother’s custody. Notwithstanding, for the reasons hereinafter expressed, we remand the cause to the 'trial court for further proceedings.
The sole question before us is to determine what is in the best interest and welfare of the child. This is our paramount consideration, a decision which is rarely easily made. We do not regard it to be in the best interest of the child for him to be returned, perhaps only temporarily, to the custody of his mother, and at a later date for the child to be returned to the appellants in the event that the trial court should permit them to adopt the child. Therefore we believe the child should remain in the custody of the appellants until the adoption proceeding is considered.
For the foregoing reasons, we feel impelled to remand the cause to the trial court with directions to take such appropriate action to finally decide the issues involved in the adoption proceeding and, in view of the exigencies of the circumstances involved in this case, that the trial court do so within ten days from the issuance of the mandate.
The time for filing petition for rehearing is hereby limited to September 10, 1973.
It is so ordered.
LILES, Acting C. J., and McNulty, J., concur.