PER CURIAM.
This is an appeal from a writ of habeas corpus ordering the return of Kenneth Adrian Liotta, aged five years, to his natural mother, Lorraine Haynes.
Since many of the facts are in dispute and were not thoroughly aired in the summary proceeding below, we will not discuss the facts in detail. We do point out, however, in order to more fully explain the posture of this case, that the natural mother had previously given physical custody of the child to the McDonalds. This occurred in 1969 at a time when she was having personal and financial difficulties and when both she and the McDonalds were residing in Tennessee. The McDonalds ultimately moved to Tampa, Florida, with the child. The issues herein appear to center around whether the mother had abandoned the child.
In any case, it appears that prior to the instant proceedings the McDonalds commenced the preliminaries to the adoption of the child during which the mother was notified thereof. Almost simultaneously, then, both this habeas corpus proceeding and the adoption proceeding proper were filed in the court below; and although this proceeding was terminated by the issue of the writ herein, the causes were not consolidated and the adoption proceedings are still pending.
Under these circumstances we think both substantial justice and the best interests of the child require that the issues involved, being common to each proceeding, should be finally determined in one such proceeding. They were summarily disposed of in this proceeding but should be fully explored in the adoption proceeding.[1]
In the meantime, temporary custody pending the final outcome of these issues should be decided solely on the basis of the best interests of the child.[2] Since Kenneth has now been in his mother’s custody from the issuance of the writ herein in October, 1973, we believe it to be in the best interests of the child that he remain in her custody until final adjudication of the matter.
In view of the foregoing, therefore, the order appealed from herein should be, and it is hereby, affirmed without prejudice however to appellants’ right to proceed in the pending adoption matter as they may be advised.
HOBSON, Acting C. J., and McNULTY and BOARDMAN, JJ., concur.

. Lemus v. Chandler (Fla.App.2d, 1973), 281 So.2d 913.

. Id.